IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD ROBINSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3281-O-BD |
| | § | |
| CHUCK YOUNG, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Samuel Espino and James Rodriguez, both of whom are Dallas County deputy sheriffs, have filed a motion for summary judgment in this *pro se* civil rights action brought under 42 U.S.C. § 1983. In his complaint and interrogatory answers, plaintiff alleges that defendants entered his home without a search warrant, claimed that they had authority to search the premises, and had a "racial attitude." (*See* Plf. Compl. at 2; Mag. J. Interrog. #1, 6, 7).[1] Defendants now move for summary judgment on their qualified immunity defense. The motion has been briefed by the parties and is ripe for determination.[2]

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106

---

[1] Plaintiff also sued five Dallas police officers for illegally entering his home on a different occasion. Those claims were subsequently dismissed by agreement of the parties. (*See* Doc. #35).

[2] In a separate pleading, defendants object to certain evidence submitted by plaintiff in support of his summary judgment response. None of this evidence, even if considered by the court, affects the disposition of the motion. Consequently, the objections [Doc. #37] are overruled as moot. *See Continental Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-04-CV-1866-D, 2006 WL 984690 at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence not considered by the court in deciding motion for summary judgment).

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial

burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products,*

*Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the nonmovant

must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272,

276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions,

affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.),

*cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the

party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Here, defendants move for summary judgment on their qualified immunity defense.

"Qualified immunity protects government officials 'from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known.'" *Winston v. City of Shreveport*, 390 Fed. Appx. 379, 383, 2010 WL

3190709 at *3 (5th Cir. Aug. 12, 2010), *quoting Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct.

808, 815, 172 L.Ed.2d 565 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct.

2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has established a two-step analysis to

determine whether a law enforcement officer is entitled to qualified immunity. First, the court must

decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*,

536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *see also Kinney v. Weaver*, 367

F.3d 337, 356 (5th Cir.), *cert. denied*, 125 S.Ct. 102 (2004). Second, the court must ask "whether

the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*,

129 S.Ct. at 816, *citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272

(2001). A court has discretion to decide which of the two prongs of the qualified immunity analysis

should be addressed first "in light of the circumstances in the particular case at hand." *Id.* at 818.

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1355 (2003). This burden applies both at trial and on summary judgment. *Id.*; *see also Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, the plaintiff cannot rest on conclusory allegations or assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the defendant's conduct. *Id.*

Judged against these standards, the court determines that plaintiff cannot overcome the affirmative defense of qualified immunity. In sworn affidavits, Espino and Rodriguez state that they went to 2726 Foreman Street in Dallas, Texas, to serve an arrest warrant on plaintiff's brother, Jason Lee Robinson, who allegedly violated the terms of his felony probation. (*See Def. MSJ App.* at 5-6, 10-11). The warrant, signed by a Texas judge, listed 2726 Foreman Street as the suspect's last known address. (*Id.* at 6, 11). When Espino arrived at the location, he knocked on the front door. (*Id.* at 6). Plaintiff answered the door and allowed Espino to enter the house. (*Id.*). Espino explained to plaintiff that he had an arrest warrant for Jason Robinson. (*Id.*). Plaintiff became uncooperative, insisting that Espino could not search the house without a search warrant. (*Id.*). Espino responded by telling plaintiff that he could, in fact, enter the house to search for the suspect based on his reasonable belief that Jason lived there. (*Id.*). While discussing the matter with plaintiff, Espino saw Jason, whom he recognized from a photograph, walk past the hallway. (*Id.*). Espino summoned Rodriguez, and both officers followed Jason into the living room where he was placed under arrest. (*Id.* at 6-7, 11). Neither officer searched the home and promptly left once Jason

was apprehended. (*Id.* at 7, 12). Plaintiff does not dispute any of this evidence. Instead, plaintiff claims that defendants failed to comply with "special duties found in the regulations promulgated under the Texas Health and Safety Act" and common law. (*See* Plf. Resp. at 1).

A facially valid arrest warrant gives a law enforcement officer limited authority to enter a residence and execute the warrant if the officer has "reason to believe" that the person lives at and is inside the residence. *Payton v. New York*, 445 U.S. 573, 602-03, 100 S.Ct. 1371, 1388, 63 L.Ed.2d 639 (1980); *see also United States v. Route*, 104 F.3d 59, 62 (5th Cir.), *cert. denied,* 117 S.Ct. 2491 (1997). Defendants had a valid arrest warrant for Jason Lee Robinson. Based on information contained in the warrant and their own observations, defendants had reason to believe that Jason lived at 2726 Foreman Street and was inside the home at the time. Plaintiff has submitted no evidence to suggest that defendants acted improperly, much less violated clearly established federal law. As their conduct was objectively reasonable, defendants are entitled to summary judgment on their qualified immunity defense. *See Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 301-04 (5th Cir. 2004) (affirming summary judgment on the basis of qualified immunity where officers entered home to execute an arrest warrant at address provided by individual when he was booked into jail months earlier).

To the extent plaintiff alleges that defendants conducted an unlawful search in violation of the Fourth Amendment, the summary judgment evidence establishes that no unlawful search occurred. Because defendants had legal authority to enter the residence to execute an arrest warrant, "it necessarily follows that Defendants were entitled to search any area in which an adult person could hide from detection." *Sharp v. McWilliams*, No. 3-98-CV-1454-L, 1999 WL 814546 at *4, *7 (N.D. Tex. Oct. 8, 1999). It is undisputed that defendants entered plaintiff's home pursuant to a valid arrest warrant, observed the suspect walk past the hallway, and pursued the suspect into the

living room where he was apprehended. (*See* Def. MSJ App. at 6-7, 11-12). No further search occurred. (*Id.*). On these facts, there is no Fourth Amendment violation. Nor is there any evidence that defendants exhibited a "racial attitude" or, if they did, that it violated clearly established federal law.

## RECOMMENDATION

For these reasons, defendants' motion for summary judgment [Doc. #29] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE